[Civ. No. 31309.   Second Dist., Div. One.   July 27, 1967.]

ELEANOR WELGOSS, Plaintiff and Appellant, v. HENRY
END, Defendant and Respondent.

Gordon & Horwitz and Merle H. Horwitz for Plaintiff and
Appellant.

Crowley & Goffin and Robert N. Gary for Defendant and Respondent.

LILLIE, J.—On October 23, 1963, plaintiff filed a complaint to establish paternity; on February 21, 1966, judgment of dismissal without prejudice to refiling was entered. On plaintiff's motion to vacate judgment of dismissal under section 473, Code of Civil Procedure, order was made on May 18, 1966, vacating the judgment only upon performance within 30 days by plaintiff of certain conditions precedent, i.e., payment of $1,000 to attorneys for defendant and full and detailed response to Interrogatory No. 31. Plaintiff appeals therefrom. She challenges the propriety of the conditions precedent on the ground that the rights of the real party in interest, the minor, cannot be waived by "her inability to pay" the $1,000 or by her "alleged failure . . . to promptly act."

The history of this litigation extends over a period of almost ten years. On June 3, 1958, in the Circuit Court in Dade County, Florida, plaintiff herein commenced a paternity action against Henry End, defendant herein, by filing "Complaint to Determine Paternity of Minor Child," alleging that defendant was the father of David, born to her December 25, 1956, in Beverly Hills, California. Answer was filed, depositions were taken and trial was set for October 9, 1958. On September 15, 1958, the Florida court ordered plaintiff to submit to a physical examination by a named gynecologist on or before September 19, 1958, and fingerprinting at the office of the sheriff; plaintiff failed and refused to comply therewith. A week prior to trial, plaintiff requested a continuance or order of dismissal without prejudice; the request was denied and plaintiff was ordered to proceed to trial on October 9, 1958. On that day, plaintiff's counsel read to the court a telegram from plaintiff who claimed to be ill in Beverly Hills, requesting a continuance; accordingly her counsel so moved or, in the alternative, for a voluntary nonsuit or dismissal without prejudice. Defendant countered with a motion for dismissal with prejudice.[1] On October 14, 1958, the court denied plaintiff's motions and ordered the cause "dismissed with prejudice at the cost of the plaintiff." Plaintiff appealed therefrom; the order was affirmed June 4, 1958, rehear-

---

[1]Rule 1.35(b), Florida Rules of Civil Procedure, permits dismissal with prejudice for failure to obey a court order.

ing denied June 17, 1959 (*Welgoss* v. *End* (Fla.) 112 So.2d 390).

Four years later, on October 23, 1963, plaintiff filed in the Los Angeles Superior Court the within complaint for paternity and support against the same defendant, on behalf of the same child, raising the same issues and praying for the same relief as in her prior Florida action. Defendant filed his answer. Motion for summary judgment urging dismissal on the ground of res judicata was denied. Plaintiff submitted to defendant fifty interrogatories to which defendant timely served and filed answers.

On October 26, 1964, defendant filed and served interrogatories to plaintiff; ten months later on August 17, 1965, plaintiff served defendant with answers thereto.

On August 31, 1965, defendant moved for order requiring further response to eight of the interrogatories (Nos. 18, 28, 31, 32, 37, 40, 69, 70). On September 13, 1965, the court ordered plaintiff "to make further answers based on a reasonable investigation of all sources reasonably available to her"; the clerk served notice of the order on plaintiff September 14, 1965. Meanwhile, the trial of the cause was set for December 14, 1965. Receiving no response from plaintiff under the September 13, 1965, order, defendant served on plaintiff notice thereof. Plaintiff failed to comply with the order. The trial was continued to February 28, 1966.

Seventy-eight days from the date of the order defendant, on November 30, 1965, filed Notice of Motion for Order Dismissing Plaintiff's Complaint and For Expenses For Wilful Failure to Answer Interrogatories and For Refusing to Obey an Order of Court, etc. While the motion was pending, plaintiff, on December 10, 1965, served on defendant Further Response to Interrogatories by Plaintiff; on December 13, 1965, after reading plaintiff's responses to interrogatories, the court continued the hearing on the motion to December 20, 1965, ordering plaintiff "to serve and file answers to Interrogatories 32, 37 and 70, as ordered by the order of September 13, 1965, on or before December 17, 1965." On December 17, 1965, plaintiff's answers were served on defendant, and on December 20, 1965, the motion was denied.

On December 23, 1965, defendant filed Notice of Motion For Order Requiring Further Response to Interrogatory No. 31.[2]

---

[2] "INTERROGATORY No. 31.

"Please state the nature and extent and sources of your income for

On January 3, 1966, plaintiff was ordered "to serve and file further answers to interrogatories (No. 31) within 20 days from the notice of this order, after examination of sources available to her, and if no records are available to her, to explain why. Answers to cover the years 1960 through 1963"; on January 6, 1966, notice of said order was served on plaintiff through her counsel. On January 25, 1966, plaintiff's counsel, Paul K. Duffy, by telephone orally requested of defense counsel an extension of time to answer Interrogatory No. 31; the same was granted to and including January 28, 1966.

Plaintiff failed to comply with the order of January 3, 1966, and filed no further response to Interrogatory No. 31; thus, 38 days after the order was served on plaintiff, defendant on February 14, 1966, filed and served Notice of Motion for Order Dismissing Plaintiff's Complaint for Wilful Failure to Answer Interrogatories and for Refusing to Obey an Order of Court, etc. In the absence of plaintiff's counsel, the motion was granted on February 21, 1966, and order was entered dismissing the action under section 2034, subdivision (d), Code of Civil Procedure, without prejudice to refiling. On February 23, 1966, defendant served notice of said order of dismissal on plaintiff by mail.

On April 11, 1966, plaintiff's attorney (Paul K. Duffy) filed notice of motion to set aside or vacate order and judgment of dismissal under section 473, Code of Civil Procedure. On April 14, 1966, a similar notice of motion was filed on

---

the years 1960, 1961, 1962 and 1963, to date, indicating the following for said years respectively:

"(a) Total income for each year indicating the gross income for each year as well as the net income for each year.

"(b) Income from sales of capital assets, indicating date of purchase, acquisition costs, sales price and unpaid balance of indebtedness existing at the time of said sale applicable to such assets.

"(c) Dividends.

"(d) Salaries.

"(e) Interest income, indicating the source thereof.

"(f) Any other income received from any other source indicating date of the receipt thereof, and the source thereof."

"Answer to Interrogatory No. 31.

"(a) I have kept no records nor are there any reasonably available to me which would enable me to estimate my total income, either net or gross, for the years indicated.

"(b) None.

"(c) None.

"(d) None.

"(e) None.

"(f) I have kept no record nor is there any available which would enable me to answer this question with any certainty."

behalf of plaintiff by another lawyer (Mr. Horwitz). The two motions were consolidated for hearing. On May 18, 1966, the court entered its order (1) vacating judgment of dismissal upon and only upon the complete performance by plaintiff within thirty days of the following conditions precedent: (a) pay $1,000 to attorneys for defendant and (b) "answer fully and in detail Defendant's Interrogatory No. 31"; (2) in the event the conditions precedent are not fully performed within thirty days the judgment of dismissal shall remain in full force and effect and plaintiff's motion to set aside or vacate dismissal of judgment shall be deemed denied; and (3) in no event shall plaintiff undertake any further or additional proceedings until further completing the conditions precedent. On June 1, 1966, plaintiff filed Motion for Reconsideration; the motion was denied June 10, 1966.

It is undisputed that defendant's motion to dismiss was granted and judgment entered (February 21, 1966) specifically for plaintiff's wilful failure to further answer Interrogatory No. 31 as required under the January 3, 1966, order. Section 2034, subdivision (d), Code of Civil Procedure, provides that if a party "willfully fails to serve and file answers to interrogatories submitted under Section 2030 of this code, after proper service of such interrogatories, the court on motion and notice may . . . dismiss the action. . . ." "The court clearly had the power and authority under Code of Civil Procedure section 2034, subdivision (d), to dismiss the action as a means of enforcing discovery rules. (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 374-375 [15 Cal.Rptr. 90, 364 P.2d 266]; *Unger* v. *Los Angeles Transit Lines,* 180 Cal.App.2d 172 [4 Cal.Rptr. 370, 5 Cal. Rptr. 71].)" (*Thompson* v. *Vallembois,* 216 Cal.App.2d 21, 25 [30 Cal.Rptr. 796]; *Frates* v. *Treder,* 249 Cal.App.2d 199, 206 [57 Cal.Rptr. 383].) From the judgment of dismissal without prejudice to refiling, plaintiff did not appeal; nor did plaintiff refile her action.

While appellant predicates her argument herein primarily upon her "inability to pay the penalty," this matter has been adjudicated on her motion for reconsideration of the May 18, 1966, order. The motion was based solely on the ground that plaintiff is ill, has been unemployed for some years, is unable to work and cannot pay $1,000. No medical reports or testimony were offered to corroborate her claim. In opposition the declaration of Mr. Gary, one of defendant's counsel, shows that despite plaintiff's answer to Interrogatory

No. 13 that she has not been employed since the birth of the minor (10 years ago), she has lived "very well"; and that in her response to Interrogatory No. 30 she refused to state if she had filed any federal income tax returns for 1960, 1961, 1962 and 1963. Attached to Mr. Gary's declaration are photocopies of statements of plaintiff's bank account in the Bank of America from November 13, 1963, to February 14, 1966, in the name of E. Wilson; they show that during 1963 plaintiff deposited therein a total of $11,420.57; $11,202.70 in 1964; $11,389.20 in 1965; and $1,110 during the first five weeks of 1966, amounting to a total of $35,022.47 deposited in one account during the three-year period ending February 13, 1966. Implicit in the order denying plaintiff's motion to reconsider is the court's finding adverse to her on the issue of her ability to pay. From this order she has taken no appeal.

The order of May 18, 1966, the subject of this appeal, was made on two motions to vacate the judgment of dismissal under section 473, Code of Civil Procedure, on the grounds of "mistake and inadvertence," and "accident or surprise, mistake of fact." The evidence before the trial court at the time it made its order included declarations of Mr. Duffy, Mr. Horwitz and plaintiff, the opposing declaration of Mr. Gary, five exhibits and Mr. Duffy's testimony.

Mr. Duffy declared that he was absent from the hearing on defendant's motion to dismiss (February 21, 1966) because he did not receive the moving papers; he was unaware of the hearing because defendant mailed the papers to him at 4349 Neosho, Culver City, and his official address in this case was 2036 Santa Barbara Avenue, Los Angeles; he moved from the Neosho address to 4235 Lincoln Avenue, Culver City, and left a forwarding card with the post office but the papers were not received by him until March 30, 1966; he has a good defense to the motion to dismiss; and service of new proceedings upon defendant, who is a resident of Florida, would be almost impossible to reeffect.

Mr. Horwitz, new counsel for plaintiff, declared that plaintiff retained him after her many unsuccessful attempts to contact Mr. Duffy and after another lawyer, Mr. Egan, also tried on her behalf to communicate with him; and that since March 24, 1966, he has made numerous futile attempts to contact Mr. Duffy by telephone and finally sent him a night letter to which he received no response. The declaration sets up Mr. Duffy's failure to properly represent plaintiff.

Plaintiff's declaration relates the manner in which Mr. Duffy prepared and submitted to her the interrogatories; her numerous unsuccessful attempts to communicate with him; her efforts to dismiss him as her counsel; and her threats to take him before "the bar association." She claims that on December 11, 1965, Mr. Duffy brought to her home prepared answers to interrogatories which he asked her to sign but she objected, he insisted, said he had no time to change them and that they were satisfactory; from December 14, 1965, to February 28, 1966, she tried at least two dozen times to call him; finally after she threatened to go to the bar association, he returned her call on February 15, 1966, at which time he told her there was another question to answer; she asked him to mail the interrogatory (No. 31), answered it the same day she received it and returned it to him (Exh. 5); ten times thereafter she tried to reach him in connection with her answer but was unsuccessful and finally called a court clerk who told her that the case had been dismissed; she immediately went to the court house and in the presence of a commissioner examined the file; she learned for the first time of the order requiring her to appear in court to answer interrogatories, the hearing on January 3, 1966, and the results thereof, the January 3, 1966, order requiring her to answer Interrogatory No. 31, her failure to answer Interrogatory No. 31, and the notice of motion to dismiss; she had never before been informed of any of these matters; on several occasions she made an effort to dismiss Mr. Duffy but he told her she could not do so, he would fight her in court and would not return her file; during the time he represented her, for a seven-month period she was unable to locate him; she has been afraid to fire Mr. Duffy because of his constant threats to her and refusal to return her evidence; a year ago she sent him a letter trying to "fire" him but it was returned "Not Accepted"; the last time she talked to Mr. Duffy, the middle of February 1966, she asked him to return her file and allow her to get another lawyer but he refused telling her she could not fire him; each time it was necessary for her to answer interrogatories, Mr. Duffy presented her with the completed answers which he always asked her to sign, he was always in a hurry and never advised her concerning them; the only time she heard from Mr. Duffy in recent months was when she treatened to take him to the bar association; it took her seven years to find defendant to serve him in California and because of his international activities, it will be impossible for her to

find him again and reeffect service. Included in her declaration was her proposed answer to Interrogatory No. 31.

In his opposing declaration Mr. Gary set up the hereinabove related history of plaintiff's case and of defendant's numerous unsuccessful attempts over a 16-month period to obtain from plaintiff adequate answers to his interrogatories, plaintiff's delaying tactics and evasive answers, her failure to obey the court's orders, and a previous motion to dismiss; he also alleged that the moving papers were sent to Mr. Duffy at 4349 Neosho Avenue, Culver City, "the last address of record of plaintiff's counsel."

Plaintiff submitted to the court four unopened envelopes addressed by defendant's counsel to Mr. Duffy at 4349 Neosho, postmarked February 14, 1966, at Los Angeles, the receipt postmark of which was posted by the Mar Vista station as having been received on March 29, 1966; they were marked as Exhibits 1, 2, 3 and 4 and were opened by the judge; they contained the moving papers for dismissal. Also received in evidence as Exhibit 5, was a paper containing questions (No. 31) mailed by Mr. Duffy to the plaintiff in February 1966, and her purported answer thereto.

Although plaintiff called Mr. Duffy as a witness, defendant questioned him under section 2055, Code of Civil Procedure. He testified that he appeared on plaintiff's behalf in the case in excess of ten times and filed interrogatories and more than one order to show cause; his procedure relative to the interrogatories was to call plaintiff and read the questions, make notations from what she told him, prepare her answers and either mail or personally give them to her; on almost every occasion she said she did not have to answer the interrogatories, defendant hadn't answered his, and she talked to other attorneys and a judge who advised her she didn't have to answer them; they constantly argued over this and on more than one occasion he warned her of the possible consequences if she failed to answer the same—the action could be dismissed; he has at all times had an office at 742 South Hill Street, Union Bank Building; he moved his branch office on Santa Barbara on February 1, 1966; he called plaintiff by telephone on February 27, 1966, she told him she had been trying to get in touch with him and had been down to the court house where she was informed that the action had been dismissed; he said he had received no notice and he didn't see how it could happen; she said she wanted another lawyer and he told her to "go ahead and get one"; and as to Interroga-

tory No. 31, he did advise her she had to make further answer, she told him to mail it and she would answer it.

The evidence is clear that because of Mr. Duffy's change of address, neither he nor plaintiff knew of defendant's motion to dismiss, and that this was the reason he did not appear for her at the time of the hearing. Also established was the inability of anyone to communicate with Mr. Duffy concerning this case during the crucial period because of a change in his office location and telephone number. In the light of the manner in which Mr. Duffy handled the matter of the interrogatories, his testimony, Exhibit D and plaintiff's declaration, it is reasonable to conclude that while Mr. Duffy knew of the January 3, 1966, order, plaintiff had not been advised and was unaware of the order, the 20-day period it provided for her further response to Interrogatory No. 31 and her failure to comply therewith; and that in the middle of February 1966, long after the 20 days had expired, plaintiff first knew that she was to further answer No. 31—when Mr. Duffy sent her the interrogatory requesting her response thereto. Thus, for the trial judge to have granted the motion to vacate the judgment of dismissal, even conditionally, he must have found that neither Mr. Duffy nor plaintiff had notice of the motion to dismiss; that the motion, heard in counsel's absence, would have been opposed had he been aware of it and, in the light of plaintiff's plea that she had known of neither the order of January 3, 1966, nor the requirement thereunder that she answer Interrogatory No. 31 within 20 days, the motion to dismiss would have been denied because her failure to comply with the order had not been due to wilfulness. (*Jacuzzi* v. *Jacuzzi Bros., Inc.*, 243 Cal.App.2d 1, 7 [52 Cal.Rptr. 147], and cases cited therein.) However, implicit in the imposition of the conditions precedent—that plaintiff shall pay directly to defense counsel $1,000, not recoverable by her as a cost of suit, and that she "shall fully answer, and in detail, defendant's Interrogatory No. 31 on file herein"—is the judge's findings that her conduct in connection with responding to defendant's interrogatories prior to January 3, 1966, was indeed dilatory and evasive, prompted by an attitude of defiant refusal to answer them fully and in detail; and that the purported answer to Interrogatory No. 31 submitted by plaintiff in her declaration, and before the judge when he made his order, is still inadequate.

As to the condition that plaintiff fully and in detail

answer Interrogatory No. 31, we deem the same to be entirely reasonable and proper. An examination of plaintiff's purported answer convinces us, as it did the trial judge, that it constitutes neither a full nor detailed response to the question. Thus, the purported response does not comply with the condition and as far as we know the same has not been performed by plaintiff. The information requested by Interrogatory No. 31 relates to the extent and sources of plaintiff's income for 1960, 1961, 1962 and 1963. Under section 196a, Civil Code, the liability for support of an illegitimate child is the mutual obligation of both the father and mother; thus the information is material (*Reed* v. *Hayward,* 23 Cal.2d 336, 340 [144 P.2d 561]; *Gambetta* v. *Gambetta,* 30 Cal.App. 261, 264 [157 P. 1141]), relevant (*1880 Corp.* v. *Superior Court,* 57 Cal.2d 840, 842 [22 Cal.Rptr. 209, 371 P.2d 895]) and reasonably calculated to lead to discovery of admissible evidence. ■ Defendant is entitled to demand answers to his interrogatories as a matter of right unless plaintiff has stated a valid objection thereto (*Durst* v. *Superior Court,* 218 Cal. App.2d 460, 464 [32 Cal.Rptr. 627]); nowhere in the record do we find proper or valid objection made by plaintiff to Interrogatory No. 31. It should also be noted that plaintiff has sued "in her own behalf, as well as in behalf of said child" (Complaint, ¶ IV) for reimbursement from defendant for ten years past support she has allegedly given the minor in "the sum of $100,000." (Complaint, Prayer [2].)

■ As to the condition that plaintiff pay $1,000 to defense counsel, we deem the same to be unjustified and an abuse of the trial court's discretion (*Crummer* v. *Beeler,* 185 Cal.App.2d 851, 858 [8 Cal.Rptr. 698])—not that necessarily the condition is unreasonable in amount but that it constitutes punishment for past conduct. This condition precedent could not have been based upon a finding that plaintiff was wilful in her failure to further respond to Interrogatory No. 31 as required by the January 3, 1966, order for to have granted the motion to vacate, even conditionally, the judge must have found to the contrary, giving credence to her claim that she was unaware of the order of January 3, 1966, that therein she was required to further answer Interrogatory No. 31 within any specified time and that she had failed to comply with the order. Therefore, the imposition of this condition could have been based only upon the obviously wilful and defiant conduct of plaintiff in connection with her purported answers to defendant's interrogations *prior* to January 3, 1966. Thus,

under the circumstances, the condition was imposed, not for plaintiff's wilful refusal to comply with the January 3, 1966, order, but for her past dilatory and evasive conduct in connection with other interrogatories.

■ Construing section 2034, subdivision (d), Code of Civil Procedure, its manifest purpose is not to provide a weapon for punishment for past violations or penalty for past conduct but to secure compliance with orders of the court. (*Crummer* v. *Beeler*, 185 Cal.App.2d 851, 858, 860 [8 Cal. Rptr. 698]; *Caryl Richards, Inc.* v. *Superior Court*, 188 Cal.App.2d 300, 303, 305 [10 Cal.Rptr. 377]; *Jacuzzi* v. *Jacuzzi Bros., Inc.*, 243 Cal.App.2d 1, 16 [52 Cal.Rptr. 147].) "One of the principal purposes of the Discovery Act (Code Civ. Proc., §§ 2016-2035) is to enable a party to obtain evidence in the control of his adversary in order to further the efficient, economical disposition of cases according to right and justice *on the merits*. (41 Mich. L.Rev. 205; 50 Yale Law Journal 711; *Pettie* v. *Superior Court*, 178 Cal.App.2d 680, 689 [3 Cal.Rptr. 267].) Its purpose is not 'to provide a weapon for punishment, forfeiture and the avoidance of a trial on the merits.' (*Crummer* v. *Beeler*, 185 Cal.App.2d 851, 858 [8 Cal.Rptr. 698]; *Mitchell* v. *Johnson*, 274 F.2d 394.)

"The statute is to be liberally interpreted so that it may accomplish its purpose. The trial court has a wide discretion in granting discovery and by the provisions of section 2034 of the Code of Civil Procedure it is granted broad discretionary powers to enforce its orders but its powers are not unlimited. . . .

"The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks but the court may not impose sanctions which are designed not to accomplish the objects of the discovery but to impose punishment. [Citations.]" (*Caryl Richards, Inc.* v. *Superior Court*, 188 Cal. App.2d 300, 303-304 [10 Cal.Rptr. 377].) While the order from which this appeal is taken is not that granting the motion to dismiss under section 2034, subdivision (d), Code of Civil Procedure, upon which the judgment of dismissal was entered, the effect of the subject order, if the condition that plaintiff pay $1,000 to defendant's counsel is not performed in accordance therewith, is to permit the judgment of dismissal to stand. Thus, the cases construing section 2034, subdivision (d), Code of Civil Procedure, here control.

An examination of the record makes it impossible to deny

plaintiff's past grossly wilful disregard of the processes of the court as reflected in her dilatory tactics, evasive answers, refusal to give information, and defiant attitude. Because of plaintiff's flagrant conduct defendant spent many months of frustration in his attempt to use the discovery process. Plaintiff having brought the within action in her own name and having invoked the jurisdiction of the court and sought to avail herself of it ''on her own behalf'' (Complaint, ¶ IV), as well as on behalf of the minor, she is bound to abide by all lawful statutes, rules and orders applicable to her and her cause; and the court has the inherent power to compel obedience to reasonable and authorized orders and to impose sanctions for a wilful failure to comply therewith. Thus, for any future wilful disregard of a reasonable and authorized order, plaintiff should be dealt with accordingly.

That portion of the order of May 18, 1966, requiring complete performance by plaintiff within 30 days of notice of said order of the following condition precedent: ''a. Plaintiff shall pay directly to the firm of Crowley & Goffin, attorneys for defendant, the sum of One Thousand Dollars ($1,000) within the time above limited. Said sum shall not be recoverable by plaintiff as a cost of suit,'' is reversed and the same is ordered stricken from the order; in all other respects the order of May 18, 1966, is affirmed.

Wood, P. J., and Fourt, J., concurred.