[Civ. No. 40995. Second Dist., Div. One. Sept. 19, 1973.]

BETTY STEIN, Plaintiff and Respondent, v.
ERWIN E. HASSEN, Defendant and Appellant.

**COUNSEL**

Robert E. Weiner for Defendant and Appellant.

Loeb & Loeb and Andrew S. Garb for Plaintiff and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—In her complaint for monies due on two promissory notes executed by E. E. Hassen, president or manager of Towne Avenue Hospital and Sanitarium,[1] plaintiff sued Towne, two named corporations

---

[1]The disposition of plaintiff's action against the corporation is not before us on appeal.

and Hassen personally (appellant herein), alleging that Towne is the *alter ego* of Hassen and the other two corporations. Subsequent to the filing of defendant's answer and counterclaim plaintiff filed and served upon him 78 interrogatories wherein she sought varied information concerning his relationship to the corporation, any defense he might assert against his personal liability on the notes, and matters pertaining to his counterclaim; defendant filed what he asserted to be answers thereto. Thereafter plaintiff noticed motion to compel further answers on the ground that certain of defendant's answers were nonresponsive, incomplete and evasive, and for monetary sanctions—reasonable expenses incurred in obtaining the orders, including attorneys' fees. Meanwhile defendant filed and served an unsigned unverified document purporting to contain additional answers.

On September 2, 1970, plaintiff's motion was heard by Commissioner Gerald Malkan, Judge pro tempore. Plaintiff was represented by counsel; defendant appeared in propria persona.[2] At the commencement of the hearing Commissioner Malkan announced that in the absence of any objection it would be deemed stipulated that he could hear and decide the matters at issue. Defendant voiced no objection. The court granted plaintiff's motion respecting certain interrogatories—ordering defendant to make additional answers to them within 30 days—and denied it as to others, found "the failure of Erwin E Hassen to permit timely discovery was wilful and without substantial justification," ordered defendant to pay plaintiff the sum of $150 as expenses within 30 days and denied her request for attorneys' fees. The minute order of September 2 reflects the court's ruling and recites "Referred to Commissioner Malkan for hearing as judge pro tempore, appearing counsel stipulates orally to such hearing."

Defendant not having complied with the September 2 order, plaintiff on October 8 noticed for October 19 her motion to strike answer and counterclaim, enter judgment by default in her favor and require defendant to pay her reasonable expenses, including attorneys' fees. On October 13 defendant noticed for October 29 his motion "for reconsideration of [September 2 order for] imposition of sanctions." On October 19 the parties appeared in the courtroom of Judge pro tempore Malkan defendant again appearing in propria persona; again Malkan announced that in the absence of any objection it would be deemed stipulated that he could hear the matter, and defendant voiced no objection. The court continued the matter for 10 days (until October 29) and ordered defendant to serve and file further answers to the interrogatories it had earlier found required addi-

[2]Defendant appeared in propria persona in all proceedings before the trial court, except for the last as hereinafter noted.

tional response, by 4 p.m., on October 23, found "the failure of defendant Erwin E Hassen to permit timely discovery was wilful and without substantial justification" and ordered defendant to pay another $150 to plaintiff, "as additional expenses," within 10 days. The minute order of October 19 incorporating the court's ruling recites "Referred to Commissioner Malkan for hearing as judge pro tempore. Appearing counsel stipulate(s) orally to such hearing."

Meanwhile, on October 23 defendant noticed motion "for reconsideration of [October 19 order for] imposition of sanctions,"[3] and filed and served "Supplemental Answers of [sic] Interrogatories." On October 29 defendant in propria persona and plaintiff's counsel appeared before Judge Max F. Deutz who stated: "if there be no objection, it will be stipulated that he [Malkan] may act as Judge Pro Tem"; defendant voiced no objection. The court granted plaintiff's motion; it found that "the failure of defendant Erwin E Hassen to permit timely discovery was wilful and without substantial justification and continued to be wilful and without substantial justification" and ordered stricken defendant's answer and counterclaim and entry of default. The minute order of October 29 recites, "Referred to Commissioner Malkan for hearing as judge pro tempore. Appearing counsel stipulate(s) orally to such hearing." Thereafter, defendant noticed motion for reconsideration of the court's last ruling; at the hearing for the first time he was represented by counsel. As before, the proceedings were heard by Judge pro tempore Malkan, who denied defendant's motion. The minute order recites "Referred to Commissioner Malkan for hearing as judge pro tempore. Appearing counsel stipulate(s) to such hearing." On February 17, 1972, judgment by default was entered. Defendant appeals from the judgment.

█ Appellant asserts that the default judgment is a nullity because he "never" stipulated that Commissioner Malkan "might act as a temporary judge" in any of the foregoing motion proceedings.[4] The record on appeal clearly shows the contrary and is conclusive on the issue. (*Dawson v. Schloss*, 93 Cal. 194, 205 [29 P. 31]; *Barlow v. Crome*, 44 Cal.App.2d 356, 361 [112 P.2d 303]; *Delijian v. Rosenburg*, 134 Cal.App. 264, 265-266 [25 P.2d 228].) To avoid such ruling, appellant has included in his

---

[3]Defendant had not paid plaintiff any part of the $300 in sanctions previously imposed on him. There is no showing in the record, nor has defendant contended to us, that he has ever paid any portion of this sum.

[4]Defendant does not contend that where the parties to a litigation stipulate to a commissioner such official nevertheless lacks authority to act in the same capacity as can a duly certified judge; and indeed any such position would be directly contrary to California Constitution, article VI, section 21.

opening brief a declaration that he never at any time stipulated to having Commissioner Malkan hear any of the discovery motions. In addition to the fact that we must conclude that he consented by his silence[5] when before each hearing he was advised by Malkan and once by Judge Deutz that in the absence of any objection it would be deemed stipulated he (Malkan) could hear the matter at hand, we cannot consider any matter first urged in appellant's brief dehors the record. (*Hom* v. *Clark,* 221 Cal. App.2d 622, 647 [35 Cal.Rptr. 11]; *Newman* v. *Los Angeles Transit Lines,* 120 Cal.App.2d 685, 694 [262 P.2d 95]; 6 Witkin, Cal. Procedure (2d ed. 1970) § 218, pp. 4208-4209.) Nor are we impressed with appellant's concomitant argument that the notations in the minute orders referring to "counsel" do not relate to him because he is not an attorney. Needless to say, while appearing in propria persona defendant indeed *was* counsel for himself—to the same extent as any licensed attorney who represented him would have been. In light of his vigorous pursuit of his own interests during every proceeding before the trial court, we can reasonably conclude that therein he never doubted that he had then assumed the precise role of counsel.

Appellant contends that the sanction of striking his answer and counterclaim and entering his default constitutes prejudicial error because his answers to the interrogatories were adequate and sufficient and complied with the court's orders; and sets up in his opening brief the interrogatories at issue and his three sets of answers thereto—(1) initial response, (2) additional answers represented by the unsigned and unverified document and (3) "Supplemental Answers of [*sic*] Interrogatories." Although it is true that nonappealable orders such as those in discovery proceedings may be reviewed on appeal after a final judgment has been entered in the case in chief (*Wooldridge* v. *Mounts,* 199 Cal.App.2d 620, 628-629 [18 Cal.Rptr. 806]), we note that at no time during the protracted discovery proceedings and before the entry of the default judgment 15½ months later, did defendant challenge any of said orders on petition for extraordinary writ in this court. And while reviewing courts are less reluctant to overturn the judgment of the trial court entered on a default than after a full trial, the burden is on appellant to establish that the trial court committed error and that such error is so prejudicial as to constitute a miscarriage of justice. (*Jaffe* v. *Albertson Co.,* 243 Cal.App.2d 592, 618 [53 Cal.Rptr. 25].) We have considered all of the interrogatories in question,

---

[5]Appellant does not actually assert that he voiced any *objection* to Commissioner Malkan but argues only that at no time did he verbally indicate any actual *acceptance* of him. Such silence, when coupled with full participation in the ensuing proceeding (as he did each time) denotes consent to the services of a judge pro tempore. (*Estate of Soforenko,* 260 Cal.App.2d 765, 766 [67 Cal.Rptr. 563].)

each of defendant's various answers thereto and each order, and conclude as did the trial court that his answers are insufficient, nonresponsive and evasive, and that his failure to file reasonably adequate and sufficient answers was a wilful refusal to comply with the discovery orders. We find no error with respect to the trial court's rulings.[6]

■ Appellant raises the more serious question of the applicability of the penalty provisions of section 2034, subdivision (b)(2)(iii), Code of Civil Procedure,[7] under the circumstances of this case. He argues that the ulti-

---

[6]For example see Interrogatory No. 1 and the three purported answers made in respect thereto:

"INTERROGATORY NO. 1

"Referring to the promissory note, a copy of which is attached to the complaint herein as Exhibit "A," is the signature which appears on the bottom line of said promissory note your own signature?

(a) Were you president of Towne Avenue Hospital and Sanitarium on or about July 11, 1962?

(b) Were you president of Towne Avenue Hospital and Sanitarium at any time?

(i) If so, please state the dates during which you were president of Towne Avenue Hospital and Sanitarium.

(c) Did you deliver said promissory note to plaintiff on or about July 11, 1962?

(d) Did you deliver said note to plaintiff at any other time?

(i) If so, please state the date on which you claim you delivered said note to plaintiff."

"FIRST ANSWER TO INTERROGATORY NO. 1

"Yes.

(a) (B) Cannot recall the exact dates.

(c) Do not recall if I, personally, delivered the note or if someone on behalf of the corporation delivered the note.

(d) See answer to (c)."

"SECOND ANSWER TO INTERROGATORY NO. 1

"I answered that I was President on or about July 11, 1962, I also answered that I did not recall the exact dates. May I inquire if I can not recall the exact dates, is that being evasive. The answer that I was President was made. I know that if I asked my sister Betty Stein if she remembered when she was an officer or director she would not be able to give the exact dates."

"THIRD ANSWER TO INTERROGATORY NO. 1

"(a) and (b) was answered in supplemental declaration that was filed August 31, and again answered in supplemental answers filed on October 14, 1970."

[7]Code of Civil Procedure, section 2034, provides, inter alia,

"(a) . . . Upon the refusal of a party to answer any interrogatory submitted under Section 2030 of this code, the proponent of the question may on like notice make like application for such an order [compelling an answer]. . . .

"(b)(2) If any party . . . refuses to obey an order made under subdivision (a) of this section . . . the court may make such orders in regard to the refusal as are just, and among others the following:

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(iii) An order striking out pleadings or parts thereof . . . or dismissing the action or proceeding or any part thereof, or rendering judgment by default against the disobedient party."

mate sanction of striking his answer and counterclaim and entering his default was too severe and that a lesser penalty would have been fitting.

While the purpose of sanctions under the Discovery Act is to enable the party to obtain the objects of the discovery he seeks and compliance with orders the court makes therefor, and not to provide a weapon for punishment (*Welgoss* v. *End,* 252 Cal.App.2d 982, 992 [61 Cal.Rptr. 52]; *Jacuzzi* v. *Jacuzzi Bros., Inc.,* 243 Cal.App.2d 1, 16 [52 Cal.Rptr. 147]; *Caryl Richards, Inc.* v. *Superior Court,* 188 Cal.App.2d 300, 304 [10 Cal.Rptr. 377]), and we recognize that the sanction of dismissal or rendering a judgment by default against the disobedient party ordinarily is a drastic measure, certainly there are instances in which that sanction must be imposed in justice to the prevailing party. "The true doctrine seems to be that so long as the penalty is appropriate to the dereliction, does not exceed that which is required to protect the interests of the party entitled to but denied discovery, and is one described by the statute, its imposition is within the discretion of the trial judge." (Thompson, *Sanctions in California Civil Discovery* (1968) 8 Santa Clara Law, 173, at p. 186.) Appellant has the burden of showing an abuse of the trial court's discretion. (*Petersen* v. *City of Vallejo,* 259 Cal.App.2d 757, 781 [66 Cal.Rptr. 776].)

In *Petersen* v. *City of Vallejo, supra,* 259 Cal.App.2d 757, plaintiff failed to answer a sole interrogatory served on her by defendant; on defendant's motion the trial court ordered plaintiff to answer and she did so; on defendant's subsequent motion to compel a further answer the plaintiff was ordered to comply within 30 days; 40 days later plaintiff served a further answer; on defendant's third motion claiming the past answers to be inadequate, the court again ordered compliance, and plaintiff served a third answer whereupon the court granted defendant's motion to dismiss the action on the ground the third answer was insufficient, and entered a judgment of dismissal. Affirming the judgment we stated at page 781: "It is recognized that the sanctions provided in subdivision (b)(2) of section 2034 apply to the refusal to obey an order made under section 2030 requiring further response to interrogatories. (*Fairfield* v. *Superior Court* (1966) 246 Cal.App.2d 113, 120 [54 Cal.Rptr. 721].) In *Fred Howland Co.* v. *Superior Court* (1966) 244 Cal.App.2d 605 [53 Cal.Rptr. 341], the court stated: 'There is no question of the power of the respondent court to apply the ultimate sanction of default against a litigant who persists in an outright refusal to comply with his discovery obligations.' (244 Cal.App.2d at p. 612)"; and at page 784: "The court on the second motion could well find that the tardy answer was insufficient to comply with its prior order. . . . The court could properly make an order that no evidence would be received on the issue involved in the question." Appellant herein concedes in respect

to four of the interrogatories in question that "the court could have fashioned a sanction such as not permitting defendant to introduce any evidence on the issue" involved in each of these four. It appears that the trial court followed the very procedure suggested by defendant himself except that by its ultimate ruling dismissing the *entire* answer and counterclaim the court in effect extended the scope thereof barring evidence on *all* issues of the case, as these were encompassed by *all* of the interrogatories.

■ The record before us, viewed in the light of the foregoing principles, supports the sanction. The first order (September 2) required defendant to file additional answers to certain interrogatories within 30 days; defendant totally ignored the order. The court twice imposed lesser and minor money sanctions—payment of reasonable expenses—on September 2 and October 19; defendant totally ignored these two orders, and has never paid any part of the $300. Defendant's complete defiance of these two orders alone justifies the imposition of sanctions under section 2034, Code of Civil Procedure. (*Petersen* v. *City of Vallejo, supra,* 259 Cal. App.2d 757, 781; *Fairfield* v. *Superior Court, supra,* 246 Cal.App.2d 113, 120.) However, the conduct that directly affected the fair disposition of plaintiff's case by trial on the merits was defendant's repeated wilful refusal to file adequate and sufficient answers to interrogatories. She had the unquestioned right to determine the factual basis for defendant's denial of personal liability on the notes in light of her allegation that Towne is the *alter ego* of defendant and the two other named corporations, and for the accusations against her in his counterclaim, and was entitled as a matter of right to demand answers to her interrogatories unless defendant stated a valid objection thereto. (*Petersen* v. *City of Vallejo, supra,* 259 Cal.App.2d 757, 781; *Welgoss* v. *End, supra,* 252 Cal.App.2d 982, 991.) Defendant ignored the September 2 order; the order of October 19 required him to file further answers, and he filed "Supplemental Answers of [*sic*] Interrogatories" deemed by the court to be inadequate and insufficient. The trial court's careful consideration of the merits of plaintiff's motions and the imposition of the ultimate sanction, and defendant's three motions to reconsider is reflected in the record. The court concluded, and we agree, that throughout the discovery proceedings defendant persisted in an outright refusal to comply with his discovery obligations. ■ As to the court's findings of wilfulness and lack of substantial justification for defendant's failure to give adequate and sufficient answers, a reading of the three sets filed by defendant reflects his evasiveness and lack of good faith, arrogant insolent attitude toward the judicial process, dilatory tactics and attempt to play "fast and loose" with the court.

■ Finally, we have read the pleadings and the interrogatories and conclude that proper discovery would tend to support the plaintiff's cause and as to the issues raised the facts should be deemed established as contended by the plaintiff. (*Caryl Richards, Inc.* v. *Superior Court, supra,* 188 Cal.App.2d 300, 307.) ■ "The principal limitation upon the trial judge's discretion is that the sanction may not operate in such a fashion as to put the prevailing party in a better position in the lawsuit than he would have had if he had obtained the discovery sought and it had been completely favorable to his cause." (Thompson, *Sanctions in California Civil Discovery* (1968) 8 Santa Clara Law. p. 185.) We find no abuse of the trial court's discretion.

We believe it likely that the calamitous entry of judgment by default would not have occurred had defendant been represented by counsel and followed professional advice in answering the interrogatories. However, we cannot disregard the applicable principles of law and accord defendant any special treatment because he instead elected to proceed in propria persona. (*Taylor* v. *Bell,* 21 Cal.App.3d 1002, 1009 [98 Cal.Rptr. 855]; *Doran* v. *Dreyer,* 143 Cal.App.2d 289, 290 [299 P.2d 661].)

The judgment is affirmed.

Thompson, J., and Hanson, J., concurred.