Filed 7/3/14  Nabors Internat. Finance v. Lawyers Aset Research Serv. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NABORS INTERNATIONAL FINANCE, INC.,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>LAWYERS ASSET RESEARCH SERVICE, LLC et al.,<br><br>        Defendants and Appellants. | B246444<br><br>(Los Angeles County<br>Super. Ct. No. BC444218) |

        APPEAL from an order of the Superior Court of Los Angeles County. Soussan G. Bruguera, Judge.  Affirmed.


        Keiter Appellate Law and Mitchell Keiter for Defendants and Appellants.


        The David Firm, Henry S. David and Dana J. Meepos for Plaintiff and Respondent.


_____

We affirm an order denying a motion to set aside a default judgment that was entered after the trial court struck the defendants' answer for discovery failures.

## FACTS

In August 2010, Nabors International Finance, Inc. (Nabors) filed an action against Lawyers Asset Research Service, LLC (LARS)[1] alleging that LARS had obtained approximately $270,000 rightfully belonging to Nabors. In January 2011, Nabors filed its operative first amended complaint alleging causes of action listed respectively as follows: breach of written contract; money had and received; conversion; fraud; fraudulent transfer; constructive fraudulent transfer; claim on behalf of creditors based on third-party's illegal distribution of debtor's assets; claim on behalf of creditors for improper distributions; and breach of fiduciary duty. Nabors's action consisted of allegations that LARS misused a limited power of attorney to get a state franchise tax board to cancel a tax refund check payable to Nabors, and to issue a new check payable to LARS. LARS then deducted a fee, the $270,000 noted above, for finding Nabors's "lost" or "unclaimed" or "abandoned" asset, and forwarded the remaining amount on to Nabors. In February 2011, LARS answered the first amended complaint.

On August 31, 2011, the trial court entered an order granting Nabors's motion for summary adjudication of issues on the first through third causes of action. The trial court's summary adjudication ruling became moot when, on December 13, 2011, the court ordered LARS's answer to be stricken as a terminating sanction for its failure to comply with discovery orders, and entered LARS's default.

On December 13, 2011, the trial court entered a court judgment by default based upon Nabors's prove-up testimony and other evidence. On December 15, 2011, Nabors served LARS with notice of entry of judgment, thereby beginning the 60 day period for filing a notice of appeal from the default judgment. By our calculation, the time to file a notice of appeal from the default judgment expired in mid-February 2012. LARS did not file a timely notice of appeal from the default judgment.

---

[1] Our references to LARS include defendant Jules Walder, LARS's founder.

On June 13, 2012, LARS filed a motion in the trial court for "mandatory relief" from the default judgment pursuant to Code of Civil Procedure section 473 based upon the alleged acts and omissions of its attorneys. On November 28, 2012, the trial court denied LARS's motion for relief from the default judgment.

On January 25, 2013, LARS filed a notice of appeal that identified the judgment or order from which it appealed as follows: "Denial of Code of Civil Procedure section 473 motion." LARS's notice of appeal identified the date of the judgment or order as follows: "November 28, 2012."

## DISCUSSION

### I.       Summary Adjudication of Issues

LARS's opening brief on appeal includes extensive argument challenging the trial court's order of August 31, 2011 granting Nabors's motion for summary adjudication of issues on Nabors's first through third causes of action. In its respondent's brief, Nabors argues that LARS's appeal should be dismissed because LARS has not addressed the merits of the order from which it appealed — namely, the trial court's order entered on November 28, 2012 denying LARS's motion to set aside the default judgment entered in favor of Nabors based on LARS's discovery failures. We agree with Nabors that LARS's appeal must be dismissed to the extent it seeks review of any issue beyond those related to the order of November 28, 2012 denying its motion for relief from the default judgment.

Although a notice of appeal "must be liberally construed" in deference to the public policy favoring review on the merits, it must still identify the judgment or order being appealed. (Rule 8.100(a)(2).) The rule of liberal construction of a notice of appeal does not permit appellate review of a judgment or appealable order where a notice of appeal unambiguously evidences an intent to appeal from a different judgment or appealable order. In other words, when the judgment or appealable order appealed from is "clear and unmistakable" from the notice of appeal, the court of appeal is without jurisdiction to liberally construe the notice of appeal and is without jurisdiction to review

3

a non-appealed judgment or order.  (*Unilogic, Inc. v. Burroughs Corp.* (1992) 10 Cal.App.4th 612, 624-625; *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.)

Here, LARS's notice of appeal unambiguously and unmistakably sought review of the trial court's order of November 28, 2012, denying LARS's motion for relief pursuant to Code of Civil Procedure section 473 from the default judgment in favor of Nabors. By no means can we liberally construe LARS's notice of appeal to include the trial court's order granting summary adjudication of issues – made more than a year earlier -- on August 31, 2011.  Thus, LARS cannot argue issues related to the trial court's August 31, 2011 order, granting Nabors's motion for summary adjudication of issues of its first through third causes of action.

Even if LARS's notice of appeal could be construed to encompass a judgment or order other than the order of November 28, 2012, denying LARS's motion for relief from the default judgment in favor of Nabors, we do not have jurisdiction to address any issue concerning the court's order of August 31, 2011, granting Nabors's motion for summary adjudication of issues.  Although an order granting summary adjudication of issues may be addressed on appeal from a final judgment (*Jennings v. Marrale* (1994) 8 Cal.4th 121, 127-128), in the current case LARS did not file a timely notice of appeal from the default judgment in favor of Nabors.  "The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc*. (1997) 15 Cal.4th 51, 56.)  California Rules of Court, rule 8.104(a) provides that a notice of appeal must be filed on or before the earliest of two dates, those being the 60th day after the appellant was served with a document entitled "notice of entry" of the appealable order or judgment, or the 180th day after entry of appealable order of judgment.  Nabors served notice of entry of judgment on December 15, 2011.  LARS did not file a notice of

4

appeal before the 60-day period expired in mid-February 2012.  Accordingly, we do not have jurisdiction to address any issues embodied within the judgment in favor of Nabors.[2]

## II.     The Default Judgment

LARS opening brief on appeal asserts that its "inability to comply with [Nabors's] oppressive and burdensome requests for discover do not entitle Nabors to recover." In this vein, LARS's notes the general principle that the purpose of discovery is not to provide a weapon for forfeiture or avoidance of a trial on the merits.  (Citing, e.g., *Fred Howland Co. v. Superior Court* (1966) 244 Cal.App.2d 605, 610.)  This is not our summary of LARS's argument; this is all there is.  Assuming this is intended to be LARS's argument challenging the default judgment entered in favor of Nabors based on LARS's discovery failures, it is insufficient to warrant reversal of the judgment for a number of reasons.

First, to the extent that LARS's is attempting to appeal from the default judgment in favor of Nabors, LARS's appeal is untimely and we do not have jurisdiction to address the appeal.[3]  Second, an appealed judgment and order is presumed to be correct, and it is an appellant's burden to show error.  (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546.)  LARS's undeveloped argument consisting of bald statements and citations to general principles of law, without any discussion or showing of the facts in the current case, and how those facts are applicable to the rules of law that it cites, is simply not sufficient to show that the trial court committed error in entering the default judgment in favor of Nabors.

---

[2]     In light of our decision, we need not turn to the issue that the summary adjudication ruling became moot when the trial court struck LARS's answer and entered its default.

[3]     As we noted above, LARS's notice of appeal was filed more than 60 days after Nabors served notice of entry of the judgment.

**III.    The Order Denying LARS's Motion for Relief from the Default Judgment**

LARS's opening brief on appeal contains no significant argument concerning error related to the trial court's order of November 28, 2012 denying LARS's motion for relief from the default judgment in favor of Nabors.  In the absence of an affirmative showing of error concerning the order denying relief, the court's order must be presumed to be correct.  (*Mansell v. Board of Administration, supra,* 30 Cal.App.4th at pp. 545-546.)

**DISPOSITION**

The trial court's order of November 29, 2012, denying LARS's motion for relief from the default judgment entered in favor of Nabors on December 13, 2011, is affirmed. Respondents are awarded costs on appeal.



BIGELOW, P.J.


We concur:


FLIER, J.


GRIMES, J.