[Civ. No. 6645. Second Appellate District, Division One.—December 19, 1929.]

In the Matter of the Estate of JOHN W. HUNT, Deceased. HENRY GAILLARD LUCAS et al., Appellants, v. FRED M. VALZ et al., as Trustees, etc., Respondents.

Wellborn, Wellborn & Wellborn for Appellants.

Kenyon F. Lee, A. Pratt Adams, Bradner W. Lee, Jr., Stanton Walker and Samuel B. Adams for Respondents.

HOUSER, J.—The facts involved in this controversy are somewhat complicated, but so far only as relates to this decision it may be sufficient to state that by the will of John W. Hunt the residue of his estate was given, bequeathed and devised to two named persons in trust ''for the purpose of using the proceeds therefrom in establishing and maintaining such charitable and benevolent institution as they may see fit, as a memorial'' to said Hunt. Following the death of the testator several different actions were brought for the ultimate purpose of testing the validity of such trust: In the federal court, where one of such actions was instituted, the identical persons (or their predecessors in interest) who are parties to the proceeding on which the instant appeal is based, were made parties, and the complaint or bill in effect included the allegation that the trust in question was void for the reason that had the trustees died or resigned, or refused to act, or disagreed, before acceptance of the trust, or after its acceptance, but before executing the terms of the will, neither the court, nor any substituted trustee appointed by the court, could administer

the trust fund. Before either of said several actions was brought to a hearing, a compromise agreement was entered into among the parties to such litigation, which agreement included the recital that it was made "in settlement of all pending controversies and of all claims and demands against the estate. . . . " Thereupon it was covenanted that "the gift to establish and maintain a charitable or benevolent institution . . . be held to be a valid gift to charitable use . . . ; and (after providing for the payment of all legacies mentioned in the will, together with a bonus of a sum of money to each of the respective litigants), that the balance of the estate should be applied to the establishment of the trust." With the object of carrying out the purpose hereinbefore indicated, the agreement further provided that appropriate assignments, releases and deeds be executed by the proper parties, as well as for the execution "at any time upon request any and all other papers of whatsoever sort which may be necessary or proper for the consummation of this settlement." In complying with the express terms of the agreement, among other things, a "consent decree" was obtained from the Supreme Court of the state of New York, which was one of the courts having jurisdiction of the subject matter and the parties, and in which one of the actions between the parties was pending. One of the provisions of such decree was that "the executors of and trustees under the last will and testament of John W. Hunt, deceased, and their successors, are hereby directed to establish and maintain the charitable or benevolent institution therein provided for in accordance with said provisions of the said will." Some seven years after said agreement was executed both of the originally appointed trustees died without having actually established the "memorial" which was the object of the trust. Approximately five years after the demise of the said trustees the proceeding which is the basis for the instant appeal was commenced by the assumed heirs at law of the testator against one Valz and Citizens and Southern Bank, a corporation (who theretofore had been appointed trustees by the Superior Court of the state of Georgia in lieu of the original trustees under the will), for the purpose of having the trust declared invalid on the ground that the trust was personal and confidential in its nature, and that by reason of the death of the original trustees the trust had lapsed and

terminated. After an extended trial of the several issues presented by the pleadings the lower court rendered its judgment against the plaintiffs, and this appeal is prosecuted therefrom.

Appellants make no claim that the trust attempted to be established by the will of the testator did not constitute "a lawful and valid gift for charitable purposes," as was adjudged by the New York court to which reference has been had. They do, however, by the citation of many legal principles and the adjudications of courts in various jurisdictions, seriously attack the right to the existence and enforcement of the trust following the date of the death of the originally appointed trustees. Although such points are ably presented and furnish many interesting questions of law which hitherto either have been wholly undetermined by the courts of last resort of this state, or which, as to other jurisdictions, are in an unsettled or unsatisfactory state so far as approaching unanimity of decision is concerned—because of the conclusion reached by this court as to the legal or equitable right of the plaintiffs to prosecute the proceeding in the lower court—if not altogether useless, it becomes at least inadvisable to devote the attention and energy necessary to a discussion and decision of points which may be but incidentally involved herein.

As hereinbefore indicated, the legality of the trust, so far as its attempt to create a valid gift for charitable purposes is concerned, is not at issue in this appeal. That particular feature of the original controversy, as conceded, has been compromised and settled by agreement of the parties, as well as by the adjudication of the Supreme Court of the state of New York.

In the case of *Keating* v. *Smith,* 154 Cal. 186 [97 Pac. 300], where the authorities with reference thereto are cited, the law relating to the conclusiveness of a final decree in such matters is stated in the syllabus as follows: "Notwithstanding the invalidity of a trust attempted to be created by a will, a final decree distributing the estate to trustees upon certain trusts is a conclusive adjudication of the validity of the disposition made by the testator, and is equally conclusive as an ascertainment and adjudication of the terms of the trust, and of the rights of all parties claiming any legal or equitable interest under the will." (See, also,

*French* v. *Phelps,* 20 Cal. App. 101 [128 Pac. 772]; *In re Scrimger's Estate,* 188 Cal. 158 [206 Pac. 65].)

█ As hereinbefore noted, a compromise of the several actions pending between the parties was effected by which to all intents and purposes the plaintiffs agreed to settle, and thereby did settle, "all pending controversies and (of) all claims and demands against the estate." One of the controversies then pending, as shown by the pleadings in one of the actions between the parties, was the identical question which is presented by the plaintiffs in this proceeding. In addition thereto, the "consent" decree entered by a court having jurisdiction so to do contained the adjudication and direction that the originally appointed trustees *"and their successors* . . . establish and maintain the charitable of benevolent institution" provided by the will of the testator. It is the conclusion of this court that, in view of such executed agreement of the parties and the decree of court entered pursuant thereto, the plaintiffs were estopped and precluded from thereafter contesting in a court of equity or elsewhere either the validity of the trust in its inception as occurring on the demise of the testator, or after the death of the trustees nominated and appointed by the will.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 14, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 17, 1930.

All the Justices present concurred.