[Civ. No. 20158. Second Dist., Div. Three. Oct. 25, 1954.]

BERNARD FAYE, Appellant, v. GERTRUDE FELDMAN et al., Respondents.

Maurice Rose and Max Mayer for Appellant.

Fendler & Lerner and Crider, Tilson & Ruppe for Respondents.

VALLÉE, J.—Plaintiff brought this action against defendants Gertrude Feldman and Sam Feldman for damages for alleged wrongful attachments levied in an action on a

promissory note and against Fidelity and Deposit Company of Maryland, the company which issued the undertakings on the attachments.

Three prior actions are involved. First: An action, numbered 572587, brought by defendant Gertrude Feldman against F. & F. Development Corporation, Bernard Faye—plaintiff in this action, and Sam Feldman—defendant in this action, on a promissory note in which an affirmative defense of nondelivery was sustained. That is the action in which the alleged wrongful attachments were issued. Second: An action, numbered 584331, brought by Gertrude and Sam Feldman—defendants in this action, against F. & F. Development Corporation, Bernard Faye—plaintiff in this action, and Celina Faye, in which the plaintiffs in that action sought dissolution of the corporation, an accounting by Bernard Faye for any indebtedness due from him to the corporation, and payment of the corporation's debts to the Feldmans. Third: An action, numbered 584333, brought by Sam Feldman and F. & F. Development Corporation against Bernard Faye and others.

The three prior actions were tried together. In action 584333 the judgment adjudged that Bernard Faye, plaintiff in this action, was indebted to F. & F. Development Corporation in the sum of $31,122.23. In action 584331 the judgment decreed dissolution of the corporation and required it to transfer the judgment in action 584333 and all rights therein to Sam Feldman. The judgment for $31,122.23 was unpaid when Bernard Faye filed the present action on April 4, 1952.

The original answer of the Feldmans in the present action, filed April 14, 1952, alleged the judgments in actions 584331 and 584333 and, by way of setoff, a balance of $29,465.25 owing from plaintiff to Sam Feldman.

Pursuiant to section 15028 of the Corporations Code, Sam Feldman, as judgment creditor in action 584333, sought the appointment of a receiver of Bernard Faye's interest in Fourth and Hill Building Company, a partnership. On June 27, 1952, in action 584333, in open court, Bernard Faye, the Feldmans, and others entered into an agreement of settlement providing for the satisfaction of the judgment in that action and terminating all litigation between them or any of them. The agreement of settlement was entered in the minutes of the court and was accepted in open court by the parties thereto, was approved by the court, and each party

was directed by the court to do any and all things necessary or proper to effectuate the settlement. Pursuant thereto, the court made a written order embodying the terms of the settlement and commanding compliance therewith.[1]

<hr>

[1]The order reads: ''IT IS ORDERED, that said proceeding for the appointment of a receiver and a foreclosure and sale of the interest of Bernard Faye, judgment debtor, in and to the Fourth and Hill Building Company, a partnership; and the judgment held by petitioner against Bernard Faye, judgment debtor, heretofore entered in this action shall be deemed to be and they are hereby settled upon the following terms and conditions:

''1. Bernard Faye shall pay to Fendler, Weber & Lerner, as attorneys for petitioner, the sum of Twenty-Eight Thousand Five Hundred Dollars ($28,500.00) on or before July 15, 1952.

''2. Contemporaneously therewith, Bernard Faye shall deliver to petitioner's attorneys a general release executed and acknowledged by Bernard Faye, Celina Faye, Joseph Feigenbaum, Esther Feigenbaum and Nathan Leff, releasing Sam Feldman, Gertrude Feldman and Fidelity and Deposit Company of Maryland of and from any and all claims, save and except those obligations arising out of said agreement and stipulation of settlement, and the rights, duties and obligations of any of said parties arising out of the partnership known as Fourth and Hill Building Company.

''3. Contemporaneously therewith, Bernard Faye shall deliver to petitioner's attorneys a request for entry of dismissal with prejudice, duly signed by Bernard Faye's attorney in the pending action entitled '*Bernard Faye, Plaintiff*, v. *Gertrude Feldman and Sam Feldman and Fidelity and Deposit Company of Maryland, Defendants*,' Superior Court, No. 597681.

''4. Contemporaneously therewith, Bernard Faye shall deliver to petitioner's attorneys written notification signed by said Leslie E. Hubbard, attorney for Bernard Faye herein, that the signatures required in connection with the documents described in items 9, 10, 11 and 12 hereof have been duly procured, together with the written acknowledgment from Fourth and Hill Building Company that each and all of the documents described in items 9, 10, 11 and 12 hereof have been delivered to the Fourth and Hill Building Company.

''5. Contemporaneously with such payment and delivery to petitioner's attorneys of the documents described in items 1, 2, 3 and 4 hereof, Sam Feldman and Gertrude Feldman shall deliver to Leslie E. Hubbard, a general release duly executed and acknowledged by them, releasing Bernard Faye, Celina Faye, Joseph Feigenbaum, Esther Feigenbaum and Nathan Leff of and from any and all claims, save and except those obligations arising out of said agreement and stipulation of settlement and the rights, duties and obligations of any of said parties arising out of the partnership known as Fourth and Hill Building Company.

''6. Contemporaneously therewith, Sam Feldman and Gertrude Feldman shall deliver to Leslie E. Hubbard a quitclaim deed duly executed and acknowledged by them in and to the real property commonly known as 601 Warner Avenue, Los Angeles, California, or any other instrument which may be required to revest in Bernard Faye the interest acquired by Sam Feldman and/or Gertrude Feldman under an execution sale held May 26, 1952 in connection with said real property, or to extinguish any interest therein at law or in equity which may have been acquired by or may inure to Sam Feldman and Gertrude Feldman, or either of them.

''7. Contemporaneously therewith, Sam Feldman shall deliver to Leslie E. Hubbard instructions to the Sheriff of Los Angeles County, requesting

The present action was set for trial for May 13, 1953. On May 8, 1953, defendants Feldman served a notice of motion, returnable on the day of trial, for leave to file an amended and supplemental answer, pleading as a special defense the

and authorizing him to issue an appropriate certificate of redemption of the interest of Bernard Faye in and to said real property, with the acknowledgment of Sam Feldman that full consideration has been received by him for such redemption; and further instructing the Sheriff to release any and all property of whatsoever kind or nature which may have been levied upon in connection with any execution heretofore issued in this action.

''8. Contemporaneously therewith, Sam Feldman shall deliver to Leslie E. Hubbard a satisfaction of judgment in connection with the judgment held by him in the instant action against Bernard Faye.

''9. Bernard Faye and Nathan Leff shall procure the consent in writing on or before July 15, 1952, of the partners of Fourth and Hill Building Company, a partnership, to the making of a loan by the Fourth and Hill Building Company to Bernard Faye in the principal amount of Twenty-Eight Thousand Five Hundred Dollars ($28,500.00), to be evidenced, repaid and secured in the respects set forth in items 10, 11 and 12 hereof. The consent of such partners shall be in such form as to constitute a valid and legal consent to the making of such loan by said partnership. Bernard Faye, Nathan Leff and Sam Feldman, members of said partnership, have orally consented to such loan in open Court and such consent is hereby declared to be binding upon them in all respects.

''10. On or before July 15, 1952, Bernard Faye shall execute and deliver to said partnersihp his promissory note in the principal amount of $28,500.00, payable with interest at the rate of five per cent (5%) per annum, in installments of principal and interest at the rate of $500.00 or more per month, commencing August 15, 1952, until principal and interest have been paid in full. Said promissory note shall provide for the payment of attorney's fees in the event suit should be instituted thereon. Said promissory note shall further provide that said partnership shall be authorized to apply on account of such promissory note and/or any indebtedness due or owing thereunder, any and all monies, income, profits and/or assets belonging, accruing or inuring to, or which may hereafter accrue, inure or belong to said Bernard Faye by virtue of his ownership of a one-tenth interest in and to said partnership and any other interest which may be owned, held or acquired by him in and to said partnership, including any monies, income, assets or other interest which may belong, accrue or inure to him in connection with any termination or liquidation of said partnership or any of its assets. Said promissory note shall also contain an acceleration clause in the event of default, and such other provisions as are customarily embodied in trust deed notes.

''11. Contemporaneously with the delivery of said promissory note, Bernard Faye shall execute and deliver to said partnership a written assignment of all of his right, title and interest in and to said partnership, including the ninety-nine year leasehold owned and held by said partnership in and to the property commonly known as the Black Building, Fourth and Hill Streets, Los Angeles, California, and all of his right, title and interest in and to any monies, income, profits or assets deriving from said partnership as security for the repayment of the indebtedness evidenced by said promissory note.

''12. Contemporaneously with the delivery of said promissory note and assignment referred to in item 11 hereof Nathan Leff shall deliver

agreement of settlement and the order with respect thereto. The motion was granted. Pursuant to section 597 of the Code of Civil Procedure the court proceeded to the trial of such special defense before the trial of any other issue in the case.

On the first day of the trial, counsel for defendant Fidelity and Deposit Company indicated to the court that if defendants Feldman established their affirmative defense, the legal effect would be to release the surety "and would then operate as a plea in bar of this action." The court asked counsel for plaintiff if he would stipulate that the answer of the surety be deemed amended by inserting the same matter as set forth in the affirmative defense of the Feldmans. Counsel for plaintiff replied, "I don't believe so, your Honor.

---

to said partnership a subordination agreement providing that any and all rights or interests belonging to or acquired by said Nathan Leff under or by virtue of a written assignment executed by Bernard Faye to Nathan Leff, dated January 21, 1952, and recorded in the office of the County Recorder of Los Angeles County on January 22, 1952, relating to the interest of Bernard Faye in and to said partnership and/or its assets or property shall be subject and subordinate to the assignment from Bernard Faye to said partnership referred to in item 11 hereof; and setting forth Nathan Leff's express consent that the assignment from Bernard Faye to said partnership referred to in item 11 hereof shall be entitled to full and absolute priority until said partnership has received full payment of the indebtedness evidenced by said promissory note referred to in item 10 hereof.

"13. Contemporaneously with the payment referred to in item 1 hereof and the delivery of the documents referred to in items 2, 3 and 4 hereof, Sam Feldman shall deliver to Leslie E. Hubbard a request for the entry of a dismissal with prejudice of the action entitled 'Sam Feldman, Plaintiff, v. Nathan Leff, Defendant,' Municipal Court, No. 29708, signed by the attorneys for the plaintiff in said action.

"14. Each and all of said parties shall deliver such other or further documents which may be reasonably necessary to effectuate any of the terms and provisions of said settlement.

"It Is Further Ordered, that Bernard Faye, Celina Faye, Nathan Leff, Sam Feldman and Gertrude Feldman be and each of them is hereby required and ordered to do each and all of the acts required of them as hereinbefore set forth.

"It Is Further Ordered, that the hearing upon said petition for the appointment of a receiver and other relief which came on for hearing before this Court on June 27, 1952; the hearing upon petitioner's motion to adjudge Bernard Faye guilty of contempt of Court for disobedience of the subpoena duces tecum dated June 10, 1952, served upon him in connection with said proceeding, which contempt motion duly came on for hearing by stipulation of the parties on June 27, 1952; and petitioner's motion to adjudge Nathan Leff guilty of contempt of Court, and for other relief by reason of Nathan Leff's disobedience of the subpoena duces tecum dated June 10, 1952, served upon Nathan Leff in connection with said proceedings, noticed for hearing on July 2, 1952 in Department 11 of this Court, be and all of them are hereby continued to July 16, 1952, at 9:15 A.M. in Department 11 of this Court."

In the event the defense is upheld, I submit it could be done by amendment to conform to proof.'' Counsel for the surety then moved that the affirmative defense of the Feldmans be deemed the answer of the surety, to which counsel for plaintiff objected. The objection was sustained ''without prejudice to the renewal of the motion.'' The next morning following the introduction by defendants Feldman of all of their evidence relating to the special defense, counsel for the surety renewed his motion for leave to file an amended and supplemental answer. The motion was thereupon granted.

The court found: the agreement of settlement was entered into and the order made on June 27, 1952; at all times after June 27, 1952, the Feldmans were ready, willing, and able to perform, and repeatedly tendered performance of the agreement of settlement; plaintiff at all times failed, neglected, and refused to do or perform the things agreed to be done and performed by him under the agreement and order; the agreement and order were never abrogated, rescinded, or terminated by the Feldmans or by the superior court; the Feldmans did not waive, or intend to waive, any right granted to them or the performance of any obligation imposed on Bernard Faye under the terms of the agreement or the order; by reason of the facts found plaintiff is estopped to maintain the present action or to assert any claim against defendants. Judgment was for defendants from which plaintiff appeals.

Plaintiff's first point is that the special defense alleged in the answer of defendant Fidelity and Casualty Company does not state facts sufficient to constitute a defense to plaintiff's claim. The special defense of this defendant alleged that on June 27, 1952, the parties entered ''into an agreement, stipulation of settlement, compromise and release of all claims'' against defendants, and more particularly, ''the plaintiff did release that claim which is the subject of this action.'' Assuming, without deciding, that these statements are conclusions of law and not allegations of ultimate facts, plaintiff was not prejudiced. The special defenses of the defendants Feldman specifically alleged the facts with respect to the agreement of settlement and the order of the court, and incorporated the order as a part of their amended and supplemental answer. If the defense of the Feldmans was good, it operated as a bar to any recovery against the surety; if it was not good, a recovery by plaintiff was not barred on that ground. (23 Cal.Jur. 1044, § 38.)

It is next asserted that the court erred in granting

the motions of defendants for leave to file the amended and supplemental answers. The argument is that the motions came too late. No abuse of discretion has been shown. The agreement of settlement and the order with respect thereto were made after the original answers were filed. They were proper matters to be pleaded by way of supplemental answer. Plaintiff did not incorporate in the record on appeal the affidavits filed in support of the motion. Defendants offered to consent to a continuance of the trial to give plaintiff an opportunity to plead to the amended and supplemental answer of the Feldmans. Plaintiff declined the offer and stated that he had no objection to the court's hearing the motion. Plaintiff expressly stated that defendant surety could amend to conform to proof.

Plaintiff urges several propositions which are in effect that the findings are unsupported by the evidence. It is argued that since it appears from the evidence the Feldmans did not in fact perform the provisions of the agreement of settlement on their part to be performed, but only tendered performance, there is a variance between the allegations of the answer and the proof. The argument is predicated on the assumption that the answer alleged the Feldmans had fully performed the agreement of settlement. The assumption is erroneous. There is no such allegation in the answer.

All of the documents to be executed by the Feldmans under the agreement of settlement and the order thereon were signed by them and delivered to the attorney for plaintiff Faye. Under the agreement Faye agreed, and the order required him to pay $28,500 to the attorneys for Sam Feldman on or before July 15, 1952, and to deliver to them a request for dismissal with prejudice of the present action and a general release releasing all defendants in this action of all claims asserted in the complaint. Faye did not pay the money or deliver either of the documents. His attorney notified the attorneys for the Feldmans that "Faye refused to go ahead with the order on his part." On July 21, 1952, Faye having failed and refused to perform the agreement of settlement, the court, in action 584333, appointed a receiver of the interest of Faye in Fourth and Hill Building Company, a partnership, and ordered the receiver to sell such interest. Prior to the sale, plaintiff paid the Feldmans the full amount of the judgment in action 584333. Plaintiff argues that by seeking the appointment of a receiver, after he had refused to perform, the Feldmans abandoned and rescinded the agree-

ment of settlement.[2] The court in the present action expressly found to the contrary.[3] The finding is fully supported by the evidence. The agreement of settlement was unconditional. Faye, by the agreement of settlement, entered into an unconditional commitment to do the things agreed to be done by him, including release of all claims involved in the present action. The agreement was embodied in the order of the court and Faye was ordered to perform. The order was also unconditional. Performance by Faye was not dependent on his obtaining the consent of the partners of Fourth and Hill Building Company to a loan, as he argues. The evidence of the proceedings at the time the agreement of settlement was entered into fully support the finding in this respect. There is nothing in the agreement or in the order which says that if the loan was not secured the agreement and the order would be of no force or effect. Further, Faye represented to the court at the time the agreement of settlement was made that all necessary consents to a loan had been obtained or were obtainable, and he expressly undertook by the agreement to obtain such consents. As the trial judge in this action said, he undertook to get the consents; he did not get them; he did not perform. There was no evidence of a mutual rescission or abandonment of the agreement. The evidence was that the Feldmans did not at any time rescind the agree-

---

[2] Defendants do not distinguish between abandonment and rescission of a contract. In discussing their contention we do not imply that there is no distinction between the terms. (See 12 Cal.Jur.2d 404, § 187 et seq.)

[3] The court also found: "[T]he Orders made and entered in said Superior Court action on July 16 and July 29, 1952, for appointment of receiver and for the entry of satisfaction of judgment respectively, were in aid of, and for the purpose of effecting and consummating the said previous agreement and stipulation dated June 27, 1952 and said Court Order dated July 2, 1952, and not otherwise. In this connection, the Court expressly finds that it was at all times an essential, integral, inherent, and implied condition of said stipulation, agreement of settlement and Court order, and it was so intended and understood by each and all of the parties thereto and by the Court, that in the event of the default of the defendant Faye in said Superior Court action numbered 584333 to do and perform the things agreed to be done and performed by him, that said judgment creditor, Sam Feldman, and said Superior Court fully reserved the right to utilize each and every process of Court which might thereafter become necessary to obtain satisfaction of said judgment in said action numbered 584333, including the appointment of receiver, levy of execution and judicial sale or otherwise, and each and every order thereafter made and entered in said Superior Court action numbered 584333 for the appointment of receiver and for the payment and satisfaction of said judgment was done under and pursuant to said implied conditions and reservations aforesaid.''

ment or abandon it or repudiate it or refuse further to perform; that after they were advised by Faye that he would not perform, they notified him they were prepared to live up to the agreement and that they intended to invoke whatever processes were available to them in order to compel compliance by him. The Feldmans were not in default under the agreement. They had the legal right to insist on performance by Faye. At the conclusion of the trial of the present action, plaintiff's counsel asked leave to amend the complaint to pray for "specific performance to conform to proof."

The proceedings which took place in open court at the time the agreement of settlement was entered into were introduced in evidence in the present action. It was expressly stated in the agreement of settlement that if each of the acts required of the parties was not performed and completed on or before July 15, 1952, "an order shall be entered appointing a receiver of and for the partnership interest of Mr. Faye in the Fourth and Hill Building Company and ordering a public sale to the highest bidder."

Plaintiff concedes that the agreement and stipulation of settlement constituted a contract between the parties to this action. ■ The violation of a valid and unrevoked stipulation may be redressed on behalf of one who is not himself in default by the court in which it was entered into. (23 Cal.Jur. 831, § 15.) Plaintiff's refusal to comply with the agreement of settlement and the order constituted a breach of his obligation. He stipulated that in the event he breached the agreement the court should proceed with the hearing on the petition for the appointment of a receiver. ■ One who agrees to waive or forego a right is precluded from afterwards asserting the right waived. (10 Cal.Jur. 622, § 10.) Civil Code, section 1541, provides: "An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration." (See *Marshall* v. *Packard-Bell Co.*, 106 Cal.App.2d 770, 775 [236 P.2d 201].) ■ A valid release conclusively estops the parties from reviving and relitigating the claim released. (*Texas Co.* v. *Wieczorek*, 36 Cal.App.2d 560, 565 [98 P.2d 547].) ■ The nonacceptance by plaintiff of the consideration for the release did not affect the operative effect of the instrument as a valid release. (*Paige* v. *O'Neal*, 12 Cal. 483, 496.)

We have more than an agreement of settlement by which

plaintiff released defendants from all claims. The agreement was approved by the court and a formal order made that each of the parties do each and all of the acts required of them. The order clearly contemplated that if plaintiff failed or refused to do each and all of the acts required of him the court would proceed with the hearing on the petition for the appointment of a receiver. The agreement of settlement and the order did not merely grant plaintiff a cash discount if he paid the Feldmans $28,500 before July 15, 1952. Plaintiff bargained for and obtained an extension of time, both with respect to the hearing on the appointment of a receiver of his property and on a charge that he was then in contempt of court. He agreed that if he did not comply with the agreement and the order prior to July 16, 1952, the Feldmans could pursue their remedies as stated in the order. The order was in effect a stipulated judgment and is conclusive of the rights and obligations of the parties thereunder. (*Estate of Hunt,* 102 Cal.App. 650, 654 [283 P. 366].) In these circumstances it cannot be said that defendants abandoned or rescinded the agreement of settlement. Defendants Feldman did nothing more than enforce the agreement and order as made.

We hold the evidence is sufficient to support the findings that by entering into the agreement plaintiff released all claims against defendants, and that defendants did not abandon or rescind the agreement. Such findings support the judgment. In view of our conclusion that the findings with respect to the effect of the agreement of settlement and the order thereon are supported by the evidence and that such findings support the judgment, it is unnecessary to consider plaintiff's claim that other findings are unsupported.

 Plaintiff asserts that the court erred in excluding a written agreement between defendant Sam Feldman and his partners in Fourth and Hill Building Company. The agreement was not marked for identification and it is not a part of the record. We are therefore unable to pass on the question. Plaintiff offered to prove that between June 2, 1952, and July 16, 1952, a meeting of the partnership Fourth and Hill Building Company was held at which all partners were present except defendant Sam Feldman; that there are 10 partners; that the matter of a $28,500 loan to plaintiff was discussed, and that the partnership refused to grant the loan. An objection to the offer was sustained. Plaintiff asserts that the court erred in excluding his offer of proof

that defendant Sam Feldman "absented himself from the meeting of said partners when the required loan by said company to plaintiff was discussed and refused." There was no error. The offer was not to prove that Feldman absented himself from the meeting: it was merely to prove that Feldman was not present. There was no offer to prove how, if at all, plaintiff was prejudiced by the fact that Feldman was not present at the meeting. Further, as stated in the order, Feldman consented to the making of the loan in open court and the court declared that such consent was binding upon him.

After the trial court had orally announced its decision and prior to the rendition of judgment, plaintiff moved the court to reopen the case to present additional evidence. The motion was denied. Plaintiff claims error. With one exception the additional evidence related to matters which occurred prior to the trial and which were known to plaintiff's then counsel, or were merely cumulative. No showing was made as to why this evidence was not produced at the trial. The one exception was to prove that after the reception of evidence had been concluded and the trial judge had orally announced his decision, but before judgment was rendered, plaintiff undertook to redeem from execution sale a parcel of realty on which defendant Sam Feldman, in action 584333, had levied execution and obtained a sheriff's certificate of sale on May 25, 1952, nearly a year prior to the trial of the present action; that Feldman had insisted upon and collected from Faye $600 interest which had accrued from the date of the execution sale. The agreement of settlement provided that Feldman would deliver to plaintiff's attorney instructions requesting and authorizing the sheriff to issue a certificate of redemption with the acknowledgment of Feldman that full consideration had been received by him for such redemption. The instructions were delivered to plaintiff's attorney but were returned by him to Feldman's attorney when plaintiff refused to perform the agreement of settlement. Plaintiff's point is that Feldman had no right to collect such interest and was obligated to waive it in the absence of any tender of performance by plaintiff of the agreement of settlement or of the order of the court compelling plaintiff to dismiss the present action and release defendants from liability. The argument is that collection of the interest constituted an abandonment and rescission of the agreement of settlement. In view of what we have said

on the subject of abandonment and rescission of the agreement of settlement, the evidence was not material. The court did not err in denying the motion to reopen the case.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied November 15, 1954, and appellant's petition for a hearing by the Supreme Court was denied December 22, 1954.