45 Cal.App.3d 644 (1975)
119 Cal. Rptr. 675
JOHN N. FLOOD, Plaintiff and Appellant,
v.
C. EDWARD SIMPSON, Defendant and Respondent.
Docket No. 44011.
Court of Appeals of California, Second District, Division Five.
February 28, 1975.
*646 COUNSEL
John N. Flood, in pro. per., for Plaintiff and Appellant.
Stephens, Jones, La Fever & Smith and Mark A. Spraic for Defendant and Respondent.
OPINION
STEPHENS, J.
This is yet another appeal involving the judgment rendered on June 17, 1967, for Minnehoma Financial Company against appellant John N. Flood.[1] In that action the trial court found that defendants John and Catherine Flood had wilfully failed to appear for depositions, and it granted the ultimate sanction permitted by Code of Civil Procedure section 2034 by striking defendants' answer and entering default and default judgment. Approximately two and a half years later, appellant made a motion for an order to set aside the default and default judgment and to have the answer reinstated. The court denied the motion by order of August 18, 1969. Appellant then made a motion for an order vacating the order denying the setting aside of the default and default judgment; that motion was also denied by order of September 15, 1969. Appellant appealed from this order, and the Court of Appeal on September 11, 1970, affirmed both the orders of August 18 and September 15, 1969.
*647 The present, separate action was commenced August 22, 1969, by appellant against respondent C. Edward Simpson (the counsel for plaintiff Minnehoma Financial Company in the first case), alleging fraud and deceit precedent to the earlier judgment. On May 24, 1973, appellant filed "Notice of Intent to Move the Court for Order Supplementing Complaint Herein." When the case was called for trial on October 15, 1973,[2] appellant moved orally to supplement his complaint, and respondent moved orally for judgment on the pleadings. The court denied appellant's motion, and it granted respondent's motion on the grounds of collateral estoppel and res judicata.
(1a) The first issue we deal with is whether the trial court erred in denying appellant's motion to supplement his complaint. (2) It is the general policy that courts should exercise liberality in permitting the filing of supplemental pleadings when the alleged "occurring-after" facts are pertinent to the case. (Code Civ. Proc., § 464; People ex rel. Dept. Pub. Wks. v. Douglas, 15 Cal. App.3d 814 [93 Cal. Rptr. 644]; Louie Queriolo Trucking, Inc. v. Superior Court, 252 Cal. App.2d 194, 197-198 [60 Cal. Rptr. 389].) Nonetheless, the motion to file a supplemental pleading is addressed to the sound legal discretion of the court, and its ruling will not be disturbed on appeal in the absence of a showing of a manifest abuse of that discretion. (Wood v. Brown, 39 Cal. App.3d 232, 239-240 [114 Cal. Rptr. 63]; Louie Queriolo Trucking, Inc. v. Superior Court, supra; Erickson v. Boothe, 127 Cal. App.2d 644 [274 P.2d 460].) (1b) There is no such showing in the instant case. Moreover, the court properly denied the motion on the basis that the supplement to the complaint sought to introduce new causes of action. (Brown v. Valley View Mining Co., 127 Cal. 630 [60 P. 424]; Stack v. Welder, 3 Cal.2d 71, 75-76 [43 P.2d 270]; Stephani v. Abbott, 137 Cal. App. 510 [30 P.2d 1033]; 3 Witkin, Cal. Procedure (2d ed.) § 1088, p. 2667.)
Appellant further contends that the court erred in granting respondent's motion for judgment on the pleadings for two reasons: (1) that the original judgment (superior ct. No. 883548) is void on its face because the affiant, on behalf of Minnehoma, did not possess the requisite personal knowledge in order for his declarations filed in that case to be admissible;[3] (2) that a default judgment entered as a result of sanctions *648 for failing to comply with discovery cannot be the basis for reliance on the doctrines of res judicata and estoppel.
The default which was entered against appellant on October 13, 1966, was the consequence of his willful disregard of the processes of the court as reflected by his failure to appear for three noticed depositions.[4] On September 22, 1966  after appellant failed to appear for two noticed depositions  the court granted monetary sanctions against appellant and ordered him to appear for a third deposition noticed for October 10, 1966. Appellant again failed to appear. On October 13, 1966, the court granted the motion to strike appellant's answer and entered default against him. A default judgment was entered against appellant and Catherine Flood[5] on January 17, 1967, pursuant to Code of Civil Procedure section 2034, subdivision (d).[6] (See Stein v. Hassen, 34 Cal. App.3d 294 [109 Cal. Rptr. 321]; Housing Authority v. Gomez, 26 Cal. App.3d 366, 373 [102 Cal. Rptr. 657]; Scherrer v. Plaza Marina Coml. Corp., 16 Cal. App.3d 520 [94 Cal. Rptr. 85]; MacDonald v. Joslyn, 275 Cal. App.2d 282 [79 Cal. Rptr. 707, 35 A.L.R.3d 641]; Welgoss v. End, 252 Cal. App.2d 982, 993 [61 Cal. Rptr. 52].)
*649 (3a) Appellant is again attacking the original judgment (rendered June 17, 1967) on the basis that respondent had no personal knowledge of the matters stated in the affidavits that he filed in the original case. (4) Any person is qualified to make an affidavit in support of a motion, and his declaration is competent evidence unless an objection is raised on the basis that the affiant had no personal knowledge of the matters set forth in the affidavit. (See McLellan v. McLellan, 23 Cal. App.3d 343, 359-360 [100 Cal. Rptr. 258]; 2 Cal.Jur.3d, Affidavits, § 4, p. 785; cf. Code Civ. Proc., § 585, subd. 4 and Weathers v. Kaiser Foundation Hospitals, 5 Cal.3d 98, 106 [95 Cal. Rptr. 516, 485 P.2d 1132].) The only affidavits we need be concerned with here are those which were filed in support of the motion[7] for sanctions and default judgment which were signed by respondent in his capacity as plaintiff's (Minnehoma Financial Company's) attorney.[8]
(5) It is well settled that hearsay or other incompetent evidence in an affidavit (such as appellant is alleging here) if received without proper objection or motion to strike is to be regarded as competent evidence in support of an order or judgment. (Waller v. Waller, 3 Cal. App.3d 456, 464 [83 Cal. Rptr. 533]; Nalley's, Inc. v. Corona Processed Foods, Inc., 240 Cal. App.2d 948, 951 [50 Cal. Rptr. 173]; Cope v. Cope, 230 Cal. App.2d 218, 233 [40 Cal. Rptr. 917]; Johns v. Curry, 189 Cal. App.2d 94, 98-99 [10 Cal. Rptr. 882].) However, appellant was precluded from filing a motion to strike after the entry of default. (See J.M. Wildman, Inc. v. Stults, 176 Cal. App.2d 670 [1 Cal. Rptr. 651]; 4 Witkin, Cal. Procedure (2d ed.) § 148, p. 2809.) (3b) Nevertheless, appellant raised this objection in his first appeal (determined on September 11, 1970).[9] The Court of Appeal *650 rejected his argument. The trial court in the present appeal properly found that appellant is precluded from raising it again in the instant case because of the doctrines of res judicata and collateral estoppel.[10] (Darlington v. Basalt Rock Co., 188 Cal. App.2d 706 [10 Cal. Rptr. 556]; 5 Witkin, Cal. Procedure (2d ed.) Attack on Judgment in Trial Court, § 181, pp. 3750-3751.) In Darlington, plaintiff brought an equitable action to set aside an order approving a compromise of a minor's disputed claim for damages for injuries arising out of an automobile collision. The court held that the action was barred because of the prior denial of plaintiff's motion to vacate the same order where (1) the motion was made on the same grounds and (2) where such prior denial was made after a full hearing. "[The] detailed presentation of the issues of fraud and mistake on a motion to vacate, with full opportunity at hearing to develop the issues ... may bar a subsequent action to set aside the order attacked by the earlier motion." (Id., at p. 710.) It is immaterial that respondent was not a party to the prior suit to afford him the benefits of the doctrine of collateral estoppel. "There is no compelling reason ... for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation." (Bernhard v. Bank of America, 19 Cal.2d 807, 812 [122 P.2d 892]; see also People v. Taylor, 12 Cal.3d 686, 692 [117 Cal. Rptr. 70, 527 P.2d 622].)
The trial court here found that the allegations in the complaint in the instant case were decided point by point against appellant in the 1970 appellate court opinion and thus granted the motion for judgment on the *651 pleadings[11] (Colberg, Inc. v. State of California ex. rel. Dept. Pub. Wks., 67 Cal.2d 408, 412 [62 Cal. Rptr. 401, 432 P.2d 3]; Kachig v. Boothe, 22 Cal. App.3d 626, 630 [99 Cal. Rptr. 393]; McFaddin v. H.S. Crocker Co., 219 Cal. App.2d 585, 589 [33 Cal. Rptr. 389]; 4 Witkin, Cal. Procedure (2d ed. 1971) §§ 161-162, pp. 2816-2817) on the same bases of res judicata and collateral estoppel. After carefully comparing the complaint here with the record in the first appeal, we must agree with the trial court's holding. Thus appellant is also precluded from raising the issue of fraud and deceit in the instant case, having raised it in his first appeal.
Therefore, we need not reach the issue of whether a default entered as a consequence of wilful failure to follow discovery practice falls within the scope of the doctrines of res judicata and collateral estoppel on the merits.[12]
(6) We recognize that the sanction of rendering a judgment by *652 default against the disobedient party is a drastic measure; nor are we unmindful that the purpose of the California Discovery Act is to achieve compliance with discovery orders and "not `to provide a weapon for punishment, forfeiture and the avoidance of a trial on the merits'" (Caryl Richards, Inc. v. Superior Court, 188 Cal. App.2d 300, 303 [10 Cal. Rptr. 337]). However, it is not the intent of the act to allow wilful disregard of court orders. (Welgoss v. End, supra, 252 Cal. App.2d 982, 993.) "There is no question of the power of the respondent court to apply the ultimate sanction of default against a litigant who persists in an outright refusal to comply with his discovery obligations." (Fred Howland Co. v. Superior Court, 244 Cal. App.2d 605, 612 [53 Cal. Rptr. 341].)
The judgment is affirmed.
Kaus, P.J., and Hastings, J., concurred.
NOTES
[1] (See unpublished opinions (1) 2d Civ. No. 35853 filed on 9/11/70 by Div. 1. 2d App. Dist., Superior Court No. 883548: (2) 2d Civ. No. 42708, filed on 6/20/74 by Div. 11.)

The trial court was entitled to take judicial notice of all the related prior proceedings involving the litigation between the parties. (Flores v. Arroyo, 56 Cal.2d 492, 496-497 [15 Cal. Rptr. 87, 364 P.2d 263]; Taliaferro v. Davis, 216 Cal. App.2d 398, 409 [31 Cal. Rptr. 164].)
[2] The court denied respondent's motion to dismiss filed pursuant to Code of Civil Procedure section 583, subdivision (a), on the ground that the action had not been brought to trial within two years. Respondent does not raise this issue on appeal.
[3] Appellant purports to be collaterally attacking the original judgment on the basis that it is void on the face of the judgment roll. (See 5 Witkin, Cal. Procedure (2d ed.) § 15, p. 3595.)
[4] Code of Civil Procedure section 587, enacted in 1967, requires proof of notice of mailing by the plaintiff of a copy of the application for default to defendant's attorney of record. Nonreceipt of the notice does not invalidate a default judgment or constitute a ground for setting it aside.
[5] Catherine Flood also failed to appear for her noticed depositions, and the court on November 28, 1966, struck her answer and entered default against her.
[6] Code of Civil Procedure section 2034, subdivision (d), reads as follows: "(d) If a party or a person for whose immediate benefit the action or proceeding is prosecuted or defended or anyone who at the time the deposition is set is an officer, director, or managing agent of any such party or person willfully fails to appear before the officer who is to take his deposition, after said party or his attorney has been served with a proper notice in accordance with the provisions of subdivision (a)(4) of Section 2019 of this code, or if a party or an officer or managing agent of a party willfully fails to serve and file answers to interrogatories submitted under Section 2030 of this code, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose such other penalties of a lesser nature as the court may deem just, and may order that party or his attorney to pay to the moving party the reasonable expenses in making such motion, including reasonable attorney's fees."

See also Code of Civil Procedure section 2034, subdivisions (b) (1) and (2), subparagraph (iii), which read as follows: "The court may punish as a contempt (i) the refusal of any person to obey a subpoena issued by that court to attend a deposition ... (either personally or by his attorney) after having been directed to attend in the manner provided in subdivision (a) of this section, or (iii) the refusal of any person to obey any order made by the court under subdivision (a) of this section. [¶] (2) If any party or person for whose immediate benefit the action or proceeding is prosecuted or defended ... refuses to obey an order made under subdivision (a) of this section, or if any party... refuses to obey an order made under Sections 2019, 2031 or 2032 of this code, the court may make such orders in regard to the refusal as are just, and among others the following: .... (iii) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; ..."
[7] Code of Civil Procedure section 2009 permits affidavits to be used as evidence in support of motions.
[8] (See 14 Grossman & Van Alstyne, Cal. Practice, Discovery Practice, § 879, p. 394.) Ordinarily, the facts of the underlying case would fall within the purview of Code of Civil Procedure section 585, subdivision 1 for those actions arising out of "contract or judgment of a court ... for the recovery of money or damages." Unlike section 585, subdivisions 2 and 3, section 585, subdivision 1 does not require affidavits to be filed in support of a default judgment. (See § 585, subd. 4.) All that is required under current section 585, subdivision 1 is to file an application with the clerk's office to enter default. (See 4 Witkin. Cal. Procedure (2d ed.) § 137, p. 2800.)
[9] In his reply brief in the first appeal, appellant argued in part as follows:

"I. THE JUDGMENT IS VOID ON THE FACE OF THE RECORD.
"IA. THE JUDGMENT IS VOID BECAUSE THE FACE OF THE RECORD SHOWS THAT THERE IS NO COMPETENT TESTIMONY IN SUPPORT OF THE JUDGMENT. ALL OF THE TESTIMONY WAS GIVEN BY THE ATTORNEY FOR THE NONQUALIFIED FOREIGN CORPORATION WHO DID NOT POSSESS THE REQUISITE PERSONAL KNOWLEDGE. THE ATTORNEY WAS NOT AN OFFICER OF THE CORPORATION.
"The complaint was prepared, signed and verified by the attorney. All affidavits and all testimony was given by the attorney. It is a well-settled rule of law that an attorney does not possess the required `personal knowledge' to be a competent witness and all testimony of the attorney is `hearsay'. Therefore, the judgment based entirely on `hearsay' is void.
"Where an affidavit in support of an order for service by publication showed on its face that all material statements were based on `hearsay' the affidavit was not competent and the judgment was therefore ruled VOID ON THE FACE OF THE RECORD. In Re Behymer, 130 CA 200, 204." (Italics in original.)
[10] The dual aspect of the doctrine of res judicata and the elements essential to its application were restated by the Supreme Court in Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd., 58 Cal.2d 601, 604 [25 Cal. Rptr. 559, 375 P.2d 439], as follows: "The doctrine of res judicata has a double aspect: (1) it `precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.' (2) `Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action.' [Citations.]" (See also In re Russell, 12 Cal.3d 229, 233 [115 Cal. Rptr. 511, 524 P.2d 1295].)
[11] In granting this motion, the trial court stated:

"Now the next thing is the Court has examined the complaint in this case and finds that the allegations in this complaint were point by point discussed by the Court of Appeals in the case of Minnehoma Financial Company v. John N. Flood, Civil No. 35853, Superior Court No. 883,548, filed on September the 11th, 1970.
"Now this arises out of an action by Minnehoma against Flood where a default was taken by reason of the striking of the defendant's answer and sanctions in the discovery proceedings whereby the defendants failed to appear for the taking of depositions, all recited at great length in the Court of Appeal's opinion.
"Although that action was dismissed on a technical ground of sanctions as the court was entitled to do, on appeal the plaintiff herein attacked the judgment collaterally in the sense that he raised all of the allegations contained in the present complaint whereby he alleges that there was fraud on the part of the attorneys for the plaintiff in the Minnehoma case and that the default was secured by fraud; that there were false allegations as to jurisdiction and as to the status of the parties which were incorporated in the pleadings and the default judgment.
"And while some of those allegations bore collaterally upon the judgment in the Minnehoma case whereas the precise point on appeal was whether or not the sanction of dismissal should have been granted, nevertheless each one of those allegations of fraud were discussed in Justice Parker Wood's opinion in Minnehoma and they go right down the line.
"I don't believe there are any of them omitted that I can recall. Each of those allegations of fraud were discussed and disposed of against Mr. Flood by the rulings of the Appellate Court."
[12] The applicability of the doctrines of res judicata and collateral estoppel with respect to a default judgment is discussed in Fitzgerald v. Herzer, 78 Cal. App.2d 127, 131-132 [177 P.2d 364]: "A judgment by default is as conclusive as to the issues tendered by the complaint as if it had been rendered after answer filed and trial had on allegations denied by the answer. [Citations.] Such a judgment is res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint. [Citations.]" (See also Martin v. General Finance Co., 239 Cal. App.2d 438, 443 [48 Cal. Rptr. 773]; O'Brien v. Appling, 133 Cal. App.2d 40, 42 [283 P.2d 289]; 4 Witkin, Cal. Procedure (2d ed.) § 219, p. 3354.) (But see Mitchell v. Jones, 172 Cal. App.2d 580 [342 P.2d 503, 77 A.L.R.2d 1404].)